RECEIVED

MAY 0 1 2009
May 01 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAROLYN L. RODRIGUEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTBANK INLAND BANK & TRUST, )<br>SU YUN KOLAR, ROGER GUZLAS, )<br>19TH STREET ASSOCIATES, OSCAR )<br>CORONA and LENETTE EDWARDS. )<br>)<br>Defendants. )<br>) | Case No<br><br>09CV2682<br>JUDGE HIBBLER<br>MAGISTRATE JUDGE VALDEZ<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, CAROLYN L. RODRIGUEZ (hereinafter "Rodriguez") individually and as an heir of JOSE RODRIGUEZ, complains of Defendants, WESTBANK, INLAND BANK & TRUST (hereinafter "INLAND"), SU YUN KOLAR (hereinafter "KOLAR"), ROGER GUZLAS (hereinafter "GUZLAS"), 19TH STREET ASSOCIATES (hereinafter "STREET"), OSCAR CORONA (hereinafter "CORONA") AND LENETTE EDWARDS (hereinafter "EDWARDS"), and pleading hypothetically and in the alternative states the following:

**STATEMENT OF THE CASE**

1. This action is before this Court to remedy the unlawful taking of Rodriguez's home – in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Rodriguez seeks injunctive, declaratory, monetary, and other appropriate legal and equitable relief.

1

## JURISDICTION AND VENUE

2. Rodriguez is a citizen of the United States and a resident of the state of Illinois. At all times pertinent to this action Rodriguez has resided in the Northern District of Illinois.

3. Jurisdiction is specifically conferred on the Court pursuant to 28 U.S.C. § 1331, 1343, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. KOLAR, GUZLAS, 19th STREET, OSCAR CORONA and EDWARDS are citizens of the United States and regularly conduct business in Cook County, Illinois.

5. WESTBANK and INLAND BANK & TRUST (which acquired WESTBANK) are banking institutions, which at all pertinent times regularly conducted business in Cook County, Illinois.

6. The acts complained of herein primarily occurred within Cook County, Illinois. Thus, venue is proper in this court.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

7. Rodriguez is the rightful owner and in possession of the property commonly known as 1527 W. Chestnut, Chicago, Illinois 60622.

8. On October 11, 2002, WESTBANK filed a Complaint to Foreclose Mortgage against Rodriguez, which alleged that she was in default on her mortgage.

9. On November 13, 2002, WESTBANK filed an Amended Complaint to Foreclose Mortgage, which named as party defendants Carolyn Rodriguez and her husband (Jose J. Rodriguez).

10. On November 13, 2002, WESTBANK filed a motion, which stated that Plaintiff received a title report from Ticor Title Insurance Company, which indicated the interest of Jose Rodriguez (Carolyn's deceased husband) in the subject property.

11. The Cook County Sheriff never made a single attempt to serve Jose Rodriguez subsequent to WESTBANK filing an *ex parte* motion for the appointment of a special process server.

12. The Cook County Sheriff made two attempts, but made no contact with Carolyn Rodriguez. The Cook County Sheriff made no attempts to serve Jose Rodriguez.

13. On November 13, 2002, WESTBANK filed an Ex-Parte Motion for Appointment of Special Process Server, which named Lenette Edwards as its special process server.

14. On November 13, 2002, WESTBANK filed an "Alias Mortgage Foreclosure Summons," which named Carolyn L. Rodriguez and Jose J. Rodriguez as the Defendants to be served with process at 1527 W. Chestnut, Chicago, Illinois 60622.

15. On November 23, 2002, WESTBANK and its court appointed special process server deliberately and intentionally filed an affidavit of service, which falsely alleged that substitute service upon Carolyn Rodriguez was achieved and that Defendant's husband could not be served – despite the fact that her husband (Jose Rodriguez) at the time was residing with her at 1527 W. Chestnut, Chicago, Illinois 60622.

16. There was a single attempt to serve Jose Rodriguez by WESTBANK's special process server ("EDWARDS").

17. On December 12, 2002, WESTBANK filed an affidavit for service by publication, which stated that Jose Rodriguez's last known place of residence is "1527 West Chestnut, Chicago, Illinois 60602" – yet still claimed that neither Jose Rodriguez nor his address could be found.

18. WESTBANK's affidavit for service by publication (subscribed and sworn on November 12, 2002, before notary public Kellie Ann Collins) alleges that Jose Rodriguez cannot be found after diligent inquiry and that Jose Rodriguez's address cannot be ascertained after diligent inquiry. But, the affidavit states no facts demonstrating any due diligence and due inquiry.

3

19. The affidavit of WESTBANK's special process server failed to state that an additional copy of the summons and complaint was left with the fictitious "Joann" at Rodriguez's usual place of abode and contained no date of mailing of a copy of the summons and complaint to Rodriguez. WESTBANK has admitted that its special process server did not mail the statutorily required copy of the summons and complaint to Rodriguez.

20. On September 9, 2003, the Circuit Court of Cook County entered numerous orders, including an order of default and a judgment of foreclosure and sale. The judgment of foreclosure incorrectly stated that the trial court had jurisdiction of the parties and that service of process in each instance was properly made.

21. The judgment of foreclosure stated the redemption rights of Rodriguez would expire on December 11, 2003 and, in handwriting, that "Plaintiff shall mail a copy of this judgment to defendants within 7 days." Despite this court order, the circuit court record does not contain any filings or proof of service that said judgment was mailed to Rodriguez at anytime in September 2003.

22. Rodriguez's home was sold to Oscar Corona (a business companion of GUZLAS) for $236,000. And thereafter, the circuit court entered an order approving the report of sale and distribution and ordering possession.

23. Rodriguez was then informed by GUZLAS that if she wanted her home back, she could repurchase it from him for approximately $100,000 more than what was paid for the subject property at the judicial sale.

24. That neither Carolyn Rodriguez nor Jose Rodriguez was served with a summons and complaint, so neither was granted a hearing or had any opportunity to participate in the underlying foreclosure proceedings.

25. On September 24, 2004, Defendant filed a verified emergency motion to vacate – objecting to the court's jurisdiction and the circuit court ordered an evidentiary hearing – which was conducted on January 4, 2005.

26. After the circuit court conducted a full evidentiary hearing, the circuit court ruled in Rodriguez's favor. The court had heard live testimony, judged the credibility of the witnesses and considered the affidavits and found that Rodriguez was not served with a summons and complaint – and that all orders were void.

27. A few weeks later, motions to reconsider were filed by WESTBANK and purchasers, which were granted and later affirmed on appeal.

28. Both the Circuit Court and Illinois Appellate Court have determined that the Court never obtained personal jurisdiction over Rodriguez. The Illinois Supreme Court declined Rodriguez's petition for leave to appeal.

29. WESTBANK has a pattern of deceptive and unfair business practices to collect debts, including the subject egregious, illegal, and outrageous mortgage foreclosure tactics taken against Rodriguez.

30. Rodriguez was frightened, threatened, and deeply concerned about the defendants attempting to oust her and her family from their home.

31. The Defendants have caused Rodriguez's title to the subject property to become clouded and wrongfully transferred – by falsely stating in an affidavit that Rodriguez was properly served with a summons and complaint by substitute service, which the defendants knew was false.

32. Rodriguez cries frequently and has become severely affected and damaged physically, emotionally, and financially as a result of the foregoing.

33. The defendants have fraudulently concealed and cover up their actions by masking their wrongful actions in a judicial proceeding. But within the last year Rodriguez reasonably discovered the concerted cover-up and connection between the defendants.

34. That all of the claims and counts in this complaint have been timely filed.

35. That GUZLAS, KOLAR, STREET, and EDWARDS knew Rodriguez had not been served with a summons and complaint before Rodriguez's home was sold at the judicial sale, because Rodriguez informed CORONA prior to the sale that she was not aware of the foreclosure sale and OSCAR was business associates or colleagues of the defendants.

36. That 735 ILCS 5/2-1401(e) as applied to Rodriguez is unconstitutional.

37. That all of the foregoing acts were done with malice and with the intent to deprive Rodriguez of her home in violation of the Due Process Clause of the Fourteenth Amendment.

## COUNT I
## VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE
## WESTBANK, INLAND, KOLAR, GUZLAS, STREET, CORONA and EDWARDS

38. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 38, as if fully set forth herein.

39. Section. 1 of the Fourteenth Amendment of the U.S. Constitution states "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

40. Rodriguez's home has been taken and sold without due process or any compensation.

WHEREFORE, Rodriguez demands judgment against the Defendants and an order for injunctive and declaratory relief, and such other relief the court deems just and proper.

## COUNT II
## VIOLATION OF ARTICLE VI – SUPREMACY CLAUSE
## WESTBANK, INLAND, KOLAR, GUZLAS, STREET, CORONA and EDWARDS

41. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph

41, as if fully set forth herein.

42. That any state law (e.g., 735 ILCS 5/2-1401(e)), which conflicts with the foregoing rights guaranteed to Rodriguez is subject to the Supremacy Clause – Article VI of the United States Constitution – and therefore, unconstitutional.

WHEREFORE, Rodriguez demands judgment against the Defendants and an order for injunctive and declaratory relief, and such other relief the court deems just and proper.

## COUNT III
## QUIET TITLE

**WESTBANK, INLAND, KOLAR, GUZLAS, STREET, CORONA and EDWARDS**

43. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 43, as if fully set forth herein.

44. Rodriguez has possession of the subject property and is the rightful title owner of the subject property

WHEREFORE, Rodriguez demands judgment against the Defendants and an order for injunctive and declaratory relief, and such other relief the court deems just and proper.

## COUNT IV
## SLANDER OF TITLE

**WESTBANK, INLAND, KOLAR, GUZLAS, STREET, CORONA and EDWARDS**

45. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 45, as if fully set forth herein.

46. The defendants have caused deeds to be recorded, which wrongfully clouds Rodriguez's title.

WHEREFORE, Rodriguez demands judgment against the Defendants and an order for injunctive and declaratory relief, and such other relief the court deems just and proper.

## COUNT V
## BREACH OF CONTRACT
## WESTBANK and INLAND

47. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 47, as if fully set forth herein.

48. Defendants entered into an agreement with Rodriguez.

49. The Defendants breached the agreement when they failed to abide by the law and engaged in the foregoing unlawful, wrongfully foreclosed tactics against Rodriguez.

50. Rodriguez relied upon the promises made by the Defendants in the agreement – to her detriment.

51. Rodriguez has been damaged by the defendants' breach.

WHEREFORE, Rodriguez demands judgment against the defendants and an order for injunctive and declaratory relief, and such other relief the court deems just and proper.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## WESTBANK, INLAND, KOLAR, GUZLAS, STREET, CORONA and EDWARDS

52. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 52, as if fully set forth herein.

53. The defendants are experienced in the business of mortgages, foreclosures, and evictions.

54. The defendants and their agents were fully aware that Rodriguez had not been properly served with process and that attempting to oust Rodriguez and family from their home would severely damage Rodriguez by causing her to worry continually about being thrown out into the streets.

55. The defendants never apologized or attempted to correct any alleged mistake.

56. The defendants' conduct as described above was done with the intention to cause emotional distress to Rodriguez, or was done with reckless and deliberate disregard of a high degree of probability that emotional distress would result from said actions.

8

57. As a result of the defendants' outrageous and extreme conduct, Rodriguez suffered actual damages due to severe and extreme emotional distress in the following ways:

(a) she constantly worried about being ousted from her home and thrown out into the streets;

(b) she has been damaged in her credit by a judgment being entered against her;

(c) she was very concerned, distressed, and worried about how she was going to live, eat, and bathe – upon losing her home; and

(d) she constantly cries, unable to relax, takes medication, and continues to have difficulty sleeping.

58. The defendants' extreme and outrageous conduct as described above was the actual and proximate cause of Rodriguez's emotional distress – and would be considered repulsive and extreme by the average person.

WHEREFORE, Rodriguez respectfully demands judgment against the defendants and an order for the payment of compensatory and such other relief the court deems just and proper.

## COUNT VII
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## FDCPA (15 U.S.C §1692)
## WESTBANK and INLAND

59. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 59, as if fully set forth herein.

60. The FDCPA prohibits collection practices that are misleading and unfair (15 U.S.C. § 1692c), or that are harassing or abusive (15 U.S.C. § 1692d).

61. Plaintiff failed to provide Defendant with the notification requirements under 15 U.S.C. §§ 1692e(11).

9

62. The defendants knew or should have known Rodriguez was not properly served, but engaged in a pattern of misleading, unfair, harassing, deceptive, and abusive conduct, which caused Rodriguez to be damaged physically, emotionally, and in her property.

WHEREFORE, Rodriguez demands judgment against the defendants and an order for the payment of compensatory and punitive damages; injunctive and declaratory relief, including attorney's fees and such other relief the court deems just and proper.

## COUNT VIII
## VIOLATION OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (CFDBPA)
## WESTBANK and INLAND

63. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 63, as if fully set forth herein.

64. Section 2 of the CFDBPA, 815 ILCS 505/1, et seq., provides: Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in [815 ILCS 510/2], in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby . . .

65. The foregoing deceptive acts by the defendants were performed in the normal course of business and intended to be relied upon.

WHEREFORE, Rodriguez demands judgment against Plaintiff and an order for the payment of compensatory and punitive damages; injunctive and declaratory relief, including attorney's fees and such other relief the court deems just and proper.

## COUNT IX
## FRAUD
## WESTBANK, INLAND, and EDWARDS

66. Rodriguez hereby by reference fully incorporates paragraphs 1 through 36 as paragraph 66, as if fully set forth herein.

67. The defendants intentionally and maliciously made false statements concerning Rodriguez being served with a summons and complaint, with the intent to induce Rodriguez to abandon her home. For example, false statements were made in EDWARDS' affidavit of service and WESTBANK'S due diligence affidavit.

68. Rodriguez relied upon all of the foregoing statements made in the judicial proceedings – to her detriment.

WHEREFORE, Rodriguez demands judgment against the defendants and an order for the payment of compensatory and punitive damages; injunctive and declaratory relief, including attorney's fees and such other relief the court deems just and proper.

## JURY DEMAND

Rodriguez hereby demands trial by jury on all facts and issues in this action, which may be tried by jury.

Respectfully submitted,

CAROLYN L. RODRIGUEZ

Carolyn L. Rodriguez
1527 W. Chestnut
Chicago, IL 60622
(312) 933-6935

11